IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ORLANDO CHARLES GRIPPER,**

    Petitioner,

v.                                                       Civil Action No. **3:18CV580**

**J. RAY ORMOND,**

    Respondent.

**REPORT AND RECOMMENDATION**

Orlando Charles Gripper, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 3.)[1] The Government filed a Motion to Dismiss. (ECF No. 14.) Gripper also filed a Motion for Leave to Supplement to add new supporting case law. (ECF No. 16.) The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is RECOMMENDED that the Motion for Leave to Supplement (ECF No. 16) be GRANTED to the extent the Court has considered the supplementary argument, the Motion to Dismiss be GRANTED, and the § 2241 Petition be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

---

[1] The statute provides, in pertinent part:

    (c) The writ of habeas corpus shall not extend to a prisoner unless--
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

A. **Procedural History and Claims**

In 2001, pursuant to a guilty plea, the United States District Court for the Middle District of North Carolina ("Sentencing Court") convicted Gripper of conspiracy to distribute cocaine base and cocaine hydrochloride and possession with intent to distribute cocaine hydrochloride, and sentenced him to 365 months of incarceration. *See United States v. Gripper*, No. 1:01–cr–0170–CCE–1 (M.D.N.C. Feb. 27, 2002). Gripper did not appeal.

On June 13, 2017, Gripper filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence arguing that his sentence as a career offender was invalid after *Mathis v. United States*, 136 S. Ct. 2243 (2016) ("§ 2255 Motion"). *Gripper*, No. 1:01–cr–0170–CCE–1, ECF No. 116 (M.D.N.C. filed June 13, 2017); (*see* ECF No. 14–1, at 1). On December 7, 2017, the Sentencing Court denied the § 2255 Motion as untimely. (*See* ECF Nos. 14–1, at 1, 14–2, at 1.) The United States Court of Appeals for the Fourth Circuit dismissed Gripper's appeal. *United States v. Gripper*, 719 F. App'x 278, 279 (4th Cir. 2018). Since that time, Gripper has inundated the Sentencing Court with motions challenging his sentence, and this § 2241 Petition is another attempt at the same. *See generally Gripper*, No. 1:01–cr–0170–CCE–1 (M.D.N.C.).

In his § 2241 Petition, Gripper challenges his sentence under the career offender guidelines. Gripper raises the following claim for relief:

Claim One: Pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), Gripper is no longer a career offender under the United States Sentencing Guidelines and therefore his sentence is invalid. (*See* § 2241 Pet. 6–7.)

More specifically, Gripper argues that his career offender sentence is improper because his "Washington State prior convictions" of "unlawful delivery of a controlled substance" and "attempted unlawful delivery of a controlled substance" are no longer valid predicate "controlled substance offenses" under § 4B1.2(b). (ECF No. 4, at 2.) In essence, Gripper contends that a

2

Washington State offense under "RCW 69.50.401(a) and 69.50.407" is an indivisible statute, defining one crime, and thus, requires the categorical approach delineated in *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). (*Id.* at 3–7.) In response, the Government explains:

> The Defendant alleges that he has two Washington State convictions. This is incorrect. He was convicted of only one Washington state offense, attempted unlawful delivery of a controlled substance.[2] *See*, PSR, ¶ 29. The other qualifying career offender predicate is a *federal* conviction for possession with intent to distribute cocaine base. *See*, PSR ¶ 30. Therefore, the Defendant is only attacking the Washington state conviction set out at PSR, ¶ 29.

(Mot. Dismiss 2 n.1.) As the Government notes, "Gripper does not take issue with his other career offender predicate," the federal drug offense. (*Id.* at 2.) As discussed below, Gripper fails to demonstrate that he may use § 2241 to obtain relief.

**B.     Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241**

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115

---

[2] Revised Code of Washington section 69.50.401 provides in relevant part: "[I]t is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." Wash. Rev. Code Ann. § 69.50.401(1) (West 2019). Similarly, Revised Code of Washington section 69.50.407 provides: "Any person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Wash. Rev. Code Ann. § 69.50.407 (West 2019).

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[4]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 139 S. Ct. 1318 (2019).[5]

---

[4] Gripper cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)).

[5] Until *Wheeler*, a petitioner was required to satisfy the following test and was unable to challenge his sentence:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

C.     **Analysis**

Here, Gripper challenges the legality of his sentence. Gripper fails to satisfy the second prong of *Wheeler*. Specifically, Gripper fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review." *Id.* at 429. Gripper suggests that *Mathis* entitles him to relief on his sentence because the Washington state prior drug offense used to designate him a career offender is now invalid.[6] He is incorrect. First, Gripper raised the same claim based on *Mathis* in his § 2255 Motion. Thus, the law he relies upon to provide him relief was available to him prior to his first § 2255 Motion. Second, the Fourth Circuit has explained with respect to *Mathis* and *Descamps v. United States*, 570 U.S. 254 (2013):

> *Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements. *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); *Descamps*, 570 U.S. at 260 (noting that Court's prior case law explaining categorical approach "all but resolves this case"); *United States v. Royal*, 731 F.3d 333, 340 (4th Cir. 2013) ("In *Descamps*, the Supreme Court recently clarified whe[n] courts may apply the modified categorical approach.").

*Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018) (parallel citations omitted); *accord Copeland v. Kassell*, 733 F. App'x 717, 717 (4th Cir. 2018) (explaining that petitioner "fails to satisfy the test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively to cases on

---

> appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

[6] In *Mathis*, the Supreme Court held that a state burglary conviction from Iowa could not serve as a predicate conviction for purposes of the Armed Career Criminal Act sentencing enhancement, pursuant to 18 U.S.C. § 924(e), because it covered a "greater swath of conduct" than generic burglary. 136 S. Ct. 2250–51.

5

collateral review" (citing *Dimmott v. United States*, 881 F.3d 232, 234 (1st Cir. 2018))); *Smalls v. Warden FMC Butner*, No. 5:17–HC–2117–FL, 2019 WL 722571, at *3 (E.D.N.C. Feb. 20, 2019). "Because [Gripper's] § 2241 Petition does not rely on a retroactively applicable change in the substantive law subsequent to his direct appeal and his first § 2255 motion, he cannot satisfy the requirement of *Wheeler*." *Brooks*, 735 F. App'x at 109.[7]

In sum, Gripper fails to demonstrate that he may proceed by § 2241.

## D. Conclusion

Accordingly, it is RECOMMENDED that the Motion for Leave to Supplement (ECF No. 16) be GRANTED, Motion to Dismiss (ECF No. 14) be GRANTED, and Gripper's § 2241 Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

---

[7] Gripper also cites several other cases that he contends support his basic argument that he no longer qualifies as a career offender. Two are worthy of discussion here, but neither provides Gripper with a means to satisfy the second prong of *Wheeler*. Gripper cites *United States v. Brown*, 879 F.3d 1043 (9th Cir. 2018) (*see* Mem. Supp. § 2255 Mot. 6–7, ECF No. 4), a case in which the Ninth Circuit determined that conspiracy to distribute methamphetamine under Washington state law did not satisfy the categorical approach as a "controlled substance offense." *Id.* at 1046. However, *Brown* is inapposite to Gripper's case. First and foremost, Gripper fails to demonstrate how *Brown* would apply to his sentence imposed in the Fourth Circuit without the Fourth Circuit's adoption of its reasoning. Even if *Brown* was adopted by the Fourth Circuit, it would not provide Gripper with any relief. Gripper was convicted of *attempted* unlawful delivery of a controlled substance whereas *Brown* involved *conspiracy* to distribute controlled substances. Finally, *Brown* was a decision on direct appeal, and there is no indication that the Ninth Circuit has made this decision apply retroactively to cases on collateral review.

Gripper also cites *Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2018) because he was sentenced in 2001 when the guidelines were mandatory, not advisory. (ECF No. 6, at 2–4.) In *Lester*, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*United States v. Booker*, 543 U.S. 220, 245 (2005), when the Sentencing Guidelines were mandatory. *Id.* at 715. However, unlike in Gripper's case, Lester's career offender designation was later found to be improper because the substantive law changed and was applied retroactively. *Id.* at 712. Thus, Lester satisfied the first three prongs of *Wheeler*. *Id.* Here, Gripper still fails to satisfy the second prong because he is unable to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review." *Wheeler*, 886 F.3d at 429. Thus, *Lester* affords Gripper no relief.

6

Gripper is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of Gripper's claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Gripper and counsel for Respondent.

It is so ORDERED.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: December __, 2019
Richmond, Virginia