IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**ORLANDO CHARLES GRIPPER,**

    Petitioner,

v.                                                    Civil Action No. **3:18CV580**

**J. RAY ORMOND,**

    Respondent.

## MEMORANDUM OPINION

Orlando Charles Gripper, a federal inmate proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2241 challenging his "invalid mandatory sentence." (ECF No. 3.) Respondent J. Ray Ormond moved to dismiss Gripper's petition for lack of jurisdiction because Gripper previously sought the same relief in the Middle District of North Carolina and he may not seek to relitigate the same issue here. (ECF No. 14.) Gripper opposed the motion to dismiss, (ECF No. 15), and filed a Motion for Leave to Supplement, (ECF No. 16).

On December 17, 2019, the Magistrate Judge issued a Report and Recommendation wherein he recommended granting the Motion for Leave to Supplement, granting the Motion to Dismiss, and dismissing the § 2241 Petition without prejudice because the Court lacks jurisdiction. The Magistrate Judge advised Gripper that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. Gripper did not file objections to the Report and Recommendation. Instead, on December 22, 2019, Gripper filed an "Informal Opening Brief" addressed to the United States Court of Appeals for the Fourth Circuit, asking the Fourth Circuit to "remand this case with instructions for the District Court to grant the § 2241 relief requested and order a new sentencing without the now-invalid mandatory Pre-Booker

career offender sentence increase." (ECF No. 18.) The Court liberally construes this submission as Gripper's Objections to the Report and Recommendation.

"The magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate [judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

Gripper's Informal Opening Brief does not mention the Report and Recommendation, raise objections to its reasoning, or otherwise explain how the magistrate judge erred. For an objection to trigger *de novo* review, it must be made with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *see Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim."). Further, the objection must respond to a specific error in the Report and Recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "General objections to a magistrate judge's report and recommendation, reiterating arguments

2

already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." *United States v. Wearing*, No. 3:04–cr–00092, 2011 WL 918343, at *2 (W.D. Va. Mar. 15, 2011) (citing *Orpiano*, 687 F.2d at 47; *Veney v. Astrue*, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008)), *aff'd* 446 F. App'x 641 (4th Cir. 2011).

Gripper's Informal Opening Brief is practically tantamount to failing to object. Gripper does not mention the Report and Recommendation or assert that the magistrate judge erred. Rather, he raises the same arguments that he raised before. The Court finds that because Gripper has failed to object to any specific conclusion made by the magistrate judge in the Report and Recommendation, his Informal Opening Brief lacks the specificity required to trigger *de novo* review.

In any event, the Court, after reviewing the Report and Recommendation and the record before it, concludes that the Report and Recommendation is correct on the merits. Gripper sought the same relief in the Middle District of North Carolina, which that court denied, and the Fourth Circuit affirmed. *See United States v. Gripper*, 719 F. App'x 278 (4th Cir. 2018). And though Gripper references the Supreme Court of the United States' decision to grant the petition for writ of certiorari in *Shular v. United States*, 139 S. Ct. 2773 (2019) (granting writ to decide whether the determination of a "serious drug offense" under the Armed Career Criminal Act requires the same categorical approach used in the determination of a "violent felony" under the act), that case remains pending and provides Gripper no relief at this juncture. Accordingly, the Court will overrule Gripper's Informal Opening Brief, which it construes as an objection.

The Court having determined that the Report and Recommendation is correct on its merits, the Report and Recommendation (ECF No. 17) will be ACCEPTED and ADOPTED. Gripper's Motion for Leave to Supplement will be GRANTED. (ECF No. 16.) Respondent's

Motion to Dismiss will be GRANTED. (ECF No. 14.) The Court will dismiss without prejudice Gripper's § 2241 Petition. (ECF No. 3.) Gripper's claims and the action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: JAN 1 4 2020
Richmond, Virginia

4